UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK CROOK, | |
| | No. C09-0431 SBA (BZ) |
| Plaintiff(s), | |
| | **ORDER SCHEDULING** |
| | **SETTLEMENT CONFERENCE** |
| v. | |
| OFFICER 8105 STEVEN SZOPINSKI, et al. | |
| Defendant(s). | |

    The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

    You are hereby notified that a settlement conference is scheduled for, **Friday, July 30, 2010, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

    It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery

1

1 informally and expeditiously.

2 Lead trial counsel shall appear at the Settlement
3 Conference with the parties. Any party who is not a natural
4 person shall be represented by the person or persons **not**
5 **directly involved** in the events which gave rise to the
6 litigation but with **full** authority to negotiate a settlement. A
7 person who needs to call another person not present before
8 accepting, rejecting or making any settlement offer does not
9 have full authority. If a party is a governmental entity, its
10 governing body shall designate one of its members or a senior
11 executive to appear at the Settlement Conference with authority
12 to participate in the Settlement Conference and, if a tentative
13 settlement agreement is reached, to recommend the agreement to
14 the governmental entity for its approval. An insured party
15 shall appear with a representative of the carrier with full
16 authority to negotiate up to the limits of coverage. The Court
17 shall be notified immediately if the carrier declines to attend.
18 Personal attendance of a party representative will rarely be
19 excused by the Court, and then only upon separate written
20 application demonstrating substantial hardship served on
21 opposing counsel and lodged as early as the basis for the
22 hardship is known.

23 Each party shall prepare a Settlement Conference Statement,
24 which must be served on opposing counsel and lodged (not faxed)
25 with my chambers no later than seven calendar days prior to the
26 conference. The Statement shall **not** be filed with the Clerk of
27 the Court. The Statement **may** be submitted on CD-ROM with
28 hypertext links to exhibits. Otherwise, the portion of exhibits

1  on which the party relies **shall** be highlighted.  The Settlement
2  Conference Statement shall not exceed ten pages of text and
3  twenty pages of exhibits and shall include the following:
4      1.   A brief statement of the facts of the case.
5      2.   A brief statement of the claims and defenses
6  including, but not limited to, statutory or other grounds upon
7  which the claims are founded.
8      3.   A summary of the proceedings to date and any pending
9  motions.
10     4.   An estimate of the cost and time to be expended for
11 further discovery, pretrial and trial.
12     5.   For any party seeking relief, a description of the
13 relief sought, including an itemization of damages.
14     6.   The parties' position on settlement, including present
15 demands and offers and a history of past settlement discussions.
16 The Court's time can best be used to assist the parties in
17 completing their negotiations, not in starting them.
18 Accordingly, plaintiff must serve a demand in writing no later
19 than fourteen days before the conference and defendant must
20 respond in writing no later than eight days before the
21 conference.  If plaintiff seeks attorney's fees and costs,
22 plaintiff's counsel shall either include the fee claim in the
23 demand or make a separate, simultaneous demand for fees and
24 costs.  Counsel shall be prepared at the conference to provide
25 sufficient information to defendant to enable the fee claim to
26 be evaluated for purposes of settlement.  The parties are urged
27 to carefully evaluate their case before taking a settlement
28 position since extreme positions hinder the settlement process.

Case4:09-cv-00431-SBA Document49 Filed03/09/10 Page4 of 5

Case4:09-cv-00431-SBA Document49 Filed03/09/10 Page4 of 5

Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses, and any other information that party wishes not to share with opposing counsel. The more candid the parties are, the more productive the conference will be. This document shall not be served on opposing counsel.

It is not unusual for conferences to last three or more hours. Parties are encouraged to participate and frankly discuss their case. Statements they make during the conference will not be admissible at trial in the event the case does not settle. The parties should be prepared to discuss such issues as:

1. Their settlement objectives.

2. Any impediments to settlement they perceive.

3. Whether they have enough information to discuss settlement. If not, what additional information is needed.

4. The possibility of a creative resolution of the dispute.

The parties shall notify Magistrate Judge Zimmerman's chambers immediately if this case settles prior to the date set for settlement conference. Counsel shall provide a copy of this order to each party who will participate in the conference.

Dated: March 9, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CROOK et al,

        Plaintiff,

v.

SZOPINSKI et al,

        Defendant.
                                 /

Case Number: CV09-00431 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2010, I RE-SERVED a true and correct copy(ies) of the attached **ORDER SCHEDULING SETTLEMENT CONFERENCE ON PRO SE PLAINTIFF RODERICK CROOK, DUE TO ADDRESS CHANGE**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roderick Crook
811 Geary Street
Apt. 601
San Francisco, CA 94109

Dated: April 13, 2010

                                              Richard W. Wieking, Clerk
                                              By: Rose Maher, Deputy Clerk

                                                  *Rose Maher*